UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-cv-412-KSF

JAMES KENT RICHEY                                                                        PLAINTIFF

v.                                              **OPINION AND ORDER**

NORTH ATLANTIC EXTRADITION SERVICES                                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion for summary judgment filed by the defendant, North Atlantic Extradition Services ("NAES"), pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE #30] and the motion for leave to file an amended complaint filed by the plaintiff, James Kent Richey ("Richey") [DE #31]. Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration. The Magistrate Judge filed his Recommended Disposition on January 3, 2012 [DE #44]. In his Recommended Disposition, the Magistrate Judge recommended that NAES's motion for summary judgment be granted in part and denied in part and that Richey's motion for leave to file an amended complaint be granted in part and denied in part. Neither Richey nor NAES filed objections to the Magistrate Judge's Recommended Disposition and the time for filing such objections has expired. Accordingly, this matter is ripe for review.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Richey was arrested on December 8, 2009 in Ottawa, Franklin County, Kansas on a parole violation warrant tied to a Kentucky conviction. This case arises from the transportation of Richey

1

by NAES, a private prisoner transport company, from the Franklin County Jail in Kansas to the Louisville Detention Center in Louisville, Kentucky. Richey filed this verified lawsuit alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment by virtue of NAES's alleged: (1) deliberate indifference to Richey's serious medical needs by refusing to administer Dilantin to Richey (Count I), and (2) deliberate indifference to Richey's health and safety needs by not having seat belts in the transport vans (Count II). Richey also alleges that NAES was criminally negligent by not providing him with adequate clothing or heat during transport (Count III). On August 19, 2011, NAES filed a motion for summary judgment on each of Richey's claims [DE #30]. On August 22, 2011, Richey filed a motion for leave to amend the complaint to add as defendants the four NAES employees who transported Richey first from Kansas to Mississippi, then from Mississippi to Kentucky [DE #31]. Richey also seeks to add factual allegations that he suffered a third seizure, in addition to the two he previously alleged that he suffered, during the trip from Kansas to Kentucky.

**II.   THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 3, 2012, the Magistrate Judge issued his Recommended Disposition in this matter. The Magistrate Judge first addressed NAES's motion for summary judgment. After reviewing the relevant facts and applicable law, the Magistrate Judge issued a recommendation that the motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate Judge found that there is sufficient evidence to create a genuine issue of material fact for trial with respect to Richey's claim in Count I of the complaint (deliberate indifference to serious medical needs). Thus, the Magistrate Judge recommended that this Court deny NAES's motion with respect to Count I. However, with respect to Count II of the complaint (deliberate indifference to health and

safety needs), the Magistrate Judge concluded that, as a matter of law, the lack of or failure to fasten seat belts in the transport van does not violate the Eighth or Fourteenth Amendments. Accordingly, the Magistrate Judge recommended that this Court grant NAES's motion as to Count II. With respect to Count III (criminal negligence), the Magistrate Judge rejected NAES's efforts to cast Richey's claim as a constitutional tort. Rather, construing Richey's *pro se* pleadings liberally, the Magistrate Judge assessed the Complaint as setting forth a common-law gross or wanton negligence theory. Because NAES did not present a summary judgment arguments on the merits of a negligence claim, the Magistrate Judge recommended that this Court deny NAES's motion as to Count III.

Turning to Plaintiff's motion for leave to amend, the Magistrate Judge recommended that this Court grant Richey's motion as to Counts I and III. However, because the Magistrate Judge found that Richey cannot establish a meritorious claim under Count II, the Magistrate Judge recommended that this Court deny Richey's motion as it pertains to that count.

The Magistrate Judge directed the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning his recommendations to this Court and further noted that, as defined by § 636(b)(1) and Rule 72(b), within fourteen (14) days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for *de novo* consideration by the District Court. The Magistrate Judge then specifically warned the parties that the failure to object in accordance with Rule 72(b) normally waives a party's right to review.

### III.   ANALYSIS

No party filed objections to the Magistrate Judge's Recommended Disposition. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does

not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the District Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** as follows:

(1) the Magistrate Judge's Recommended Disposition [DE #44] is **ADOPTED** as and for the opinion of the Court;

(2) the plaintiff's motion for leave to file an amended complaint [DE #31] is **GRANTED IN PART AND DENIED IN PART**; consistent with this Order and the Magistrate Judge's Recommended Disposition, the plaintiff may amend his complaint as to Counts I and III, but not to Count II;

(3) the Clerk of the Court is **ORDERED** to file the tendered amended complaint in the record;

(4) the defendant's motion for summary judgment [DE #30] is **GRANTED IN PART** to the extent that Count II of the plaintiff's complaint is **DISMISSED**;

(5) the defendant's motion for summary judgment is **DENIED** as to Counts I and III of the plaintiff's complaint;

(6) this action **REMAINS PENDING**.

This February 9, 2012.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**